### JOHN LUNSFORD V. THE STATE.

*No. 3571.   Decided November 15.*

**Theft—Fact Case.**—See the statement of the case for evidence *held* insufficient to support a conviction for horse theft.

APPEAL from the District Court of Coryell.   Tried below before Hon. C. K. Bell.

At the January Term, 1890, of the District Court of Coryell County the grand jury returned a bill of indictment against Jim Gould, Charley Raby, A. F. Penland, and the defendant, charging them jointly with the theft of two horses and one mule from R. M. Thompson, in Coryell County, on or about the 12th day of August, 1889.

At the July Term of the court, 1890, the defendants having severed, this defendant was put upon trial, which trial resulted in a verdict of guilty, with punishment fixed at confinement in the penitentiary for five years.

The State's evidence in this cause shows that R. M. Thompson had owned for several years a sorrel mare about twelve years old, with white in face and branded "half circle triangle" on left thigh; that said mare had run upon the range south of his place since August, 1884; that said mare was the dam of a sorrel filly with white spot in face, two years old,

and branded T (bar on top) on left thigh, and also of a sorrel mule colt with white face and flax mane and tail; that these animals ran upon the range together; that the mare had not been used much since the winter of 1884, and that said animals were missed from their range about the 22nd day of August, 1889.

The evidence above referred to was supplemented by that of America Raby, A. J. Jeter, and William Phipps.

By America Raby the State showed that about the middle of August, 1889, A. F. Penland came to her house, staid four or five days, being sick at the time, and claimed the animals in the half circle triangle brand as the property of H. C. Dun, of McCulloch County, and that he employed Jim Gould to get the animals up for him; that Gould went out, the defendant accompanying him, and drove the animals up to her house, and in a few days the defendant and Gould took them off, going to Mrs. Lunsford's.

On cross-examination this witness stated that said Penland sold the animals to Jim Gould on the same day they were driven up, and gave him a bill of sale, which was witnessed by Charley Raby and the defendant. The mare was branded half circle triangle on the right thigh. The filly was not branded.

By the witness A. J. Jeter the State showed that he, in company with William Phipps and E. P. Greenhaw, met defendant and Jim Gould, Charley Raby, and one other man on the Copperas Cove road, in Coryell County, on the night of August 17, 1889, at about 8 o'clock, and that these parties had in their possession from twelve to fifteen head of horses; that Jeter had lost a sorrel mare, and that he halted these parties, thinking he saw his mare in the bunch, and so announced; that the defendant said, "We have plenty of matches," and offered to let Jeter examine the stock; that they then went to a house and made an examination of the stock by lighting matches.

By the witness William Phipps the State showed that there was a mare in the bunch of stock referred to by Jeter branded half circle triangle on left thigh, with white in face, and a mule colt with white face and flaxen mane, which mule hung around the sorrel mare; and also a loose animal of dark color, apparently about two years old; that Jim Gould was riding the sorrel mare branded as above stated; that defendant was riding a mule, and had no control of any stock except the mule he rode, and did not assert any claim to the stock.

The foregoing is the substance of the evidence offered by the State to establish the theft of said animals, and to connect the defendant with the fraudulent taking thereof. To rebut this the defendant shows by the evidence of A. F. Penland that he came to Coryell County in July, 1889, on the hunt of some horses stolen from McCulloch County, and went to the house of Charley Raby in search of Jim Gould, to whom he had been

referred for information; that he found Gould at Charley Raby's, and that he (witness) was then riding a horse branded half circle triangle on left thigh; that Gould asked who gave the brand, and witness told him that it was the brand of H. C. Dun, of McCulloch County; that Gould then said he knew some stray stock on the range in the same brand, and had known them about three years. Witness and Gould looked for the stock, made inquiry of several persons, but did not find them. Witness was on his way to Cherokee County, and requested Gould to get the stock up for him by the time he returned, which he thought would be about a month. Witness returned to Gatesville about August 10, and went to Raby's house, where he found Jim Gould and the defendant.

Witness was sick at the time and remained at Raby's several days. Gould had not got the stock up, and witness asked Gould to bring the stock to Raby's, and told him he would pay him for his trouble. Gould and defendant then left together, and on same day returned to Raby's with a sorrel mare with white streak in the face, branded " half circle triangle" on right thigh, a sorrel filly with white spot in forehead, not branded, and a sorrel mule colt with flax mane and tail. Witness was not able to take the stock home with him, and sold them to Jim Gould for $60. Defendant had nothing to do with the sale except to sign the bill of sale as a witness.

Defendant, some five or six weeks after the sale to Gould, came to witness's place in Mills County, and brought the said animals with him, and said he had heard that the stock had been claimed; that he had been to Greer County with the stock and was on his way back to Coryell County with it. Witness would not let defendant bring the stock back to Coryell County, but they were left at his place in Mills County, and he and witness came on to Gatesville. Soon after their return defendant was arrested in the sheriff's office in Coryell County.

By the witness T. J. Cook defendant showed that in the summer of 1889 he met Jim Gould and another man, whom he now recognizes as A. F. Penland, in the neighborhood of R. M. Thompson's range, and they asked about a brand, "half circle triangle" on left thigh, and that Penland was then riding a horse with that brand on him.

Defendant also showed by the witness H. C. Dun, who lives in McCulloch County, that he owns a large stock of horses branded " half circle triangle" on left thigh, and that A. F. Penland has been in his employ for five years in looking after said stock, and is authorized to dispose of same; that Penland left McCulloch County in the summer of 1889 to go east through Coryell County; that after he returned from said trip he reported to witness that he had found some of his horses in Coryell County and had sold them, and accounted to witness for the amount of sale.

Defendant also showed by the evidence of Jeff Hogan that in August, 1889, he saw a sorrel mare branded "half circle triangle" on right thigh,

a sorrel filly without brand, and a mule colt with flax mane and tail in Mrs. Lunsford's pasture, and asked the defendant about the stock, stating that he wanted to buy them, and defendant replied that they belonged to Jim Gould and he could not sell them.

*McDowell, Miller & Hawkins*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—We will not determine the several objections made to the charge of the court, as it is not necessary to the disposition of the case on this appeal that we should do so, and as on another trial the charge of the court may be satisfactory to the defendant.

We think the trial judge erred in not granting the defendant a new trial because of the insufficiency of the evidence to warrant the conviction. As presented to us the evidence is wholly insufficient to support the conviction. We have examined the statement of facts carefully, and we can not find any evidence establishing defendant's guilt. There is no evidence connecting him with the theft of the property, if indeed the property was stolen by any one. Not a fact was proved which is not consistent with his innocence.

Because the conviction is without evidence to support it, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.